# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KELDAR, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:14-cv-00904-JRG-RSP |
| § | |
| BABY BREZZA ENTERPRISES LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER

Before the Court is Defendant Baby Brezza Enterprises LLC's ("Brezza") Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 12). Brezza believes that this case should be transferred to Newark in the District of New Jersey because it is a clearly more convenient venue. Plaintiff KelDar, Inc. ("KelDar") opposes transfer. After considering the evidence and weighing the factors the Court finds that transfer is not warranted.

## BACKGROUND

This is a patent dispute between two family-owned businesses. Dkt. No. 12-2 ¶ 2; Dkt. No. 16-2 ¶ 6. KelDar has two employees based in Euless, Texas. Dkt. No. 16-2 ¶ 5. Brezza has about fifty employees based in Newark, New Jersey. Dkt. No. 12-2 ¶ 4. Dan Robertson, who co-owns KelDar, invented what is described in U.S. Patent No. 5,671,325 ("the '325 patent"). Dkt. No. 16-2 ¶¶ 3, 5. KelDar has accused two Brezza products, the Formula Pro and Kettle, of infringing the '325 patent. Dkt. No. 12 at 2; Dkt. No. 12-2 ¶ 3.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Although the private and public

factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## ANALYSIS

**A.     Proper Venue**

The Parties do not dispute that the Eastern District of Texas and the District of New Jersey are proper venues.

**B.     Private Interest Factors**

### 1.     Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Brezza states that "its principal place of business [is] in the District of New Jersey" and that is "where the vast majority of evidence relevant to plaintiff's claims will be found." Dkt. No. 12 at 5. According to Brezza, the evidence in New Jersey includes the "technical information, marketing information, and financial information related to the accused products." Dkt. No. 12 at 5.

KelDar claims that it has evidence relating to the '325 patent in Texas. Mr. Robertson invented the '325 patent and "conceived of his invention on January 10, 1992, at his home in Euless when his first daughter was a baby." Dkt. No. 16 at 5. "All of Mr. Roberson's invention design documents and drawings are [] located in Euless," and all of the '325 patent's prosecution documents are located in either Euless or Dallas, Texas, with Marc Hubbard the '325 patent's prosecuting attorney. Dkt. No. 16 at 5.

KelDar also claims that it has financial documents in Texas. Mr. Robertson has documented "all communications with every representative of every company [with which] Mr. Robertson [has] attempted to manufacture, market, license, and sell his invention." Dkt. No. 16 at 6. This includes at least five companies that Mr. Robertson has attempted to work with in various capacities, and one company that Mr. Robertson hired to build a prototype of his invention. Dkt. No. 16 at 6 ("In Euless are. . .communications and documents exchanged with the company that built Mr. Roberton's prototype, Jackel International (Asia) Ltd.").

The Court finds this factor weighs somewhat against transfer because KelDar has identified specific and relevant evidence that is located in Texas. Documents relating to the '325 patent and to KelDar's finances are a two-and-a-half hour drive from Marshall. Those documents are over 1,500 miles away from the District of New Jersey. Dkt. No. 16 at 8-9.

Brezza argues that the distance between Texas and New Jersey does not hinder KelDar's access to proof. KelDar has limited evidence because it "does not specify an approximate page count for its documents." Dkt. No. 18 at 1. The Court notes that Brezza has not provided a page count for its own documents. It also notes that Brezza offers little more than its statement that it has "technical information, marketing information, and financial information" located in New Jersey. Dkt. No. 12 at 5.

### 2. Cost of Attendance for Willing Witnesses

Brezza claims that the "twelve (12) employees [it] identified as potential witnesses each work in New Jersey or within an hour's car ride of Newark, New Jersey." Dkt. No. 12 at 6; Dkt. No. 12-2 ¶ 5 (listing the employee witnesses). It also claims that "three third-party witnesses are also each within a one hour drive of [the] Newark courthouse in the District of New Jersey." Dkt. No. 12 at 6; Dkt. No. 12-2 ¶ 6 (listing the third-party witnesses as Chris Dooley, Loren Taylor, and Michael Crilly). According to Brezza, "[f]or these witnesses, the cost of attendance at a trial in the District of New Jersey is negligible. In contrast, for these witnesses to attend a trial in Marshall, Texas, they would each require round trip airfair to either Dallas or Shreveport, LA, a rental car, and hotel accommodations in Marshall." Dkt. No. 12 at 6.

KelDar claims that its two party witnesses, "Dan and Denise Robertson, would have to drive only 2 ½ hours from their home in Euless, Texas, to attend trial in Marshall, Texas." Dkt. No. 16 at 10. In contrast, if trial were held in Newark, Mr. and Mrs. Robertson would have to fly to New Jersey and incur the inconvenience and expense associated with that travel. Dkt. No. 16 at 10-11.

Finally, KelDar claims it has third-party witnesses who are located closer to Marshall than Newark. For example, KelDar has identified Tom Avery from Roanoke, Texas as a witness. Mr. Avery is Mr. Robertson's "former long-time neighbor and current friend that witnessed the reduction to practice of [Mr. Robertson's] invention." Dkt. No. 16-2 ¶ 26. KelDar also has identified Terry Stallings from Bedford, Texas as a witness. Mr. Stallings is "KelDar's corporate attorney who can testify to KelDar's business activities and [Mr. Robertson's] attempts to manufacture, market, sell, and license [his] invention." Dkt. No. 16-2 ¶ 26.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012).

"A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

The Court finds this factor weighs against transfer because moving the case from Marshall to Newark only shifts the burden of travel from Brezza onto KelDar. Brezza cannot dispute that it would be less burdensome for Mr. and Mrs. Robertson to attend trial in Marshall. KelDar cannot dispute that it would be less burdensome for Brezza's employees to attend trial in Newark. The only issue that remains is whether it would be more convenient for a third-party witness to attend trial in Newark.

The Court finds that there are no relevant third-party witnesses based near New Jersey. Brezza claims that Chris Dooley and Loren Taylor are third-parties who "will be important witnesses in this matter" because they invented U.S. Patent No. 8,584,901 which Brezza states covers the accused Formula Pro product. Dkt. No. 12 at 5. The Court finds that Messrs. Dooley and Taylor are not third-parties to the case because they are "consultants" for Brezza, and Mr.

Dooley is "an inventor and engineer with **primary design responsibility** for the Formula Pro product." Dkt. No. 12-2 ¶ 6 (emphasis added).

Brezza also argues that Michael Crilly, "a patent attorney who prepared and prosecuted U.S. Patent No. 8,584,901" ("the '901 patent") is a possible third-party witness. Dkt. No. 12-2 ¶ 6. But the Court finds that the cost of attendance to Mr. Crilly does not weigh in favor of transfer. Brezza has not asserted the '901 patent in this case, and an attorney that prosecuted a non-asserted patent will likely not have material evidence to a dispute about the asserted '325 patent. Indeed, here the '901 patent does not even claim all features of the accused Formula Pro product. *See* Dkt. No. 12-2 ¶ 6 ("U.S. Patent No. 8,584,901 [] describes and claims certain features of the accused Formula Pro product.").

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45 provides that this Court may command a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if that person "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). This Court also may command a person to attend a deposition "with 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see id.* (c)(1)(A), (d)(3)(a). Party witnesses do not require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.

This factor weighs against transfer. The Eastern District of Texas has subpoena power over a number of third-party witnesses that live in Texas. *See* Dkt. No. 16-2 ¶ 26 (listing Perry Morrison, Tom Avery, Terry Stallings, Marc Hubbard as third-party witnesses in Texas). There

are no third-party witnesses that are located within 100 miles of, or within, the District of New Jersey.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court finds that this factor is neutral as to transfer because both this Court and the District of New Jersey have limited familiarity with the '325 patent.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing From Court Congestion

The Court finds this factor weighs slightly against transfer. Brezza does not dispute KelDar's claim that the average time-to-trial in this District is 9.6 months shorter than the average time-to-trial in the District of New Jersey. *Compare* Dkt. No. 16 at 12; *with* Dkt. No. 18 at 5.

### 2. Local Interest in Having Localized Interests Decided at Home

The Court finds this factor is neutral as to transfer because both Texas and New Jersey have an interest in this case. Mr. Robertson lives in Texas and invented what is claimed in the '325 patent in Texas. Brezza employs about fifty people in New Jersey. Dkt. No. 12-2 ¶ 4.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Parties do not dispute that these two factors are neutral as to transfer. Dkt. No. 12 at 8; Dkt. No. 16 at 13.

## CONCLUSION

A motion to transfer venue should only be granted if the moving party can show that the transferee venue is "clearly more convenient" than the transferor venue. *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009). After weighing the

evidence as a whole, the Court finds that this case should remain in the Eastern District of Texas because Brezza has not shown that the District of New Jersey would be "clearly more convenient." Baby Brezza Enterprises LLC's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 12) is **DENIED**.

**SIGNED this 3rd day of August, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE